UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STAR PROPERTY INVESTMENTS,

Plaintiff,

vs.

CASE NO.: 0:14-cv-61519-BB

U.S. BANK NATIONAL ASSOCIATION; and, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants.
_______________________________________/

**DEFENDANTS U.S. BANK NATIONAL ASSOCIATION'S AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.'S MOTION: (1) TO QUASH SERVICE OF PROCESS; (2) TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS; (3) TO DISMISS FOR INSUFFICIENT PROCESS; AND, (4) TO DISMISS, *WITH PREJUDICE*, FOR FAILURE TO STATE A CLAIM, AND INCORPORATED MEMORANDUM OF LAW**

Defendants U.S. Bank National Association ("US Bank") and Mortgage Electronic Registration Systems, Inc. ("MERS," and, together with US Bank, "Defendants"), pursuant to Rules 12(b)(4), (5) and (6) of the Federal Rules of Civil Procedure, file this Motion to: (1) quash plaintiff's alleged service of process on US Bank; (2) dismiss plaintiff's Complaint as to US Bank for insufficient service of process; (3) dismiss the Complaint as to MERS for insufficient process and failure to serve process; and, (4) dismiss, *with prejudice*, the Complaint as to Defendants for failure to state a claim, and state:

## FACTS AND SUMMARY OF ARGUMENTS

### (I) Facts Pertinent To Plaintiff's Untimely And Insufficient Service Of Process On US Bank

1. US Bank was at the commencement of this action, and is now, a national banking association. [DE 1-10 Ex. A (copy of US Bank's articles of association)]

2. US Bank does not have, is not required to have, and plaintiff does not allege that US Bank is required to have, a registered agent in Florida. (Ex. A (showing no active Florida US Bank entities); [DE 1-10 Ex. A])

3. US Bank's main office is in Ohio. [DE 1-10 Ex. A, p. 2 at "Second"]

4. Plaintiff did not serve US Bank within 120 days of filing this action on July 31, 2013, by November 28, 2013. [DE 1-15 at "Summons: Personal Service On An Individual," which plaintiff did not file until May 6, 2014; *Id.* at p. 1 (state court action docket showing that the state court did not issue the summons to US Bank until May 6, 2014); *Id.* at p. 1 (listing a "07/31/13" Filing Date of this action)]

5. In fact, plaintiff did not even attempt to serve US Bank until June 2, 2014. (Ex. B ¶¶ 6-7)

6. Plaintiff also did not attempt service on US Bank in Ohio. ([DE 1-15 at "Summons: Personal Service On An Individual," filed May 6, 2014 (directing service on US Bank at 200 S. Biscayne Blvd. #1870, Miami, FL 33131)]; Ex. B (demonstrating that plaintiff attempted to serve US Bank by serving an "Account Associate" in Miami, Florida))

7. Plaintiff instead attempted service on US Bank in Florida. ([DE 1-15 at "Summons: Personal Service On An Individual," filed May 6, 2014]; Ex. B)[1]

8. Plaintiff, however, failed to serve a "Superior Officer" (defined in Point I(B)

[1] Plaintiff has *not* filed any returns of service on US Bank in this action. [DE 1-15 (complete state court record at the time of removal, which does not include any returns of service on US Bank); *Id.* at p. 1 (state court docket showing that no returns of service were filed in this action prior to removal); DE 1 through DE 8 (showing that no returns of service have been filed in this action since removal)] On July 15, 2014, undersigned counsel for US Bank requested from plaintiff's counsel, in writing, copies of all returns of service on US Bank. (Ex. C) Plaintiff's counsel did not provide copies of any documents. On July 15, 2014, undersigned counsel also left plaintiff's counsel Hector H. Gonzalez, Esq. a voice message to please call undersigned counsel back to discuss this action. Mr. Gonzalez did not respond.

below) or business or registered agent of US Bank in Florida. (Ex. B ¶¶ 4-5)

9. Plaintiff instead served an "Account Associate" of US Bank who is not authorized by US Bank to accept service. (*Id.* ¶ 5)

10. Accordingly, plaintiff's June 2, 2014 purported service of process on US Bank was both untimely and insufficient.

11. The Court should quash plaintiff's purported service of process on US Bank, and dismiss the Complaint as to US Bank for untimely and insufficient process.

**(II) Facts Pertinent To Plaintiff's Untimely And Insufficient Process And Failure To Serve Process On MERS**

12. Plaintiff expressly named MERS as a "Defendant" in this action. [DE 1-1 ¶ 4]

13. Plaintiff did not serve MERS with process prior to removal, and did not serve MERS within 120 days of filing this action on July 31, 2013, by November 28, 2013. [DE 1-15 (complete state court record filed in this Court, which does not include any summonses issued to MERS or returns of service on MERS); *Id.* at p. 1 (state court action docket showing that the state court did *not* issue any summonses to MERS and that plaintiff did *not* file any returns of service on MERS); DE 1 through DE 8 (which do not include any summonses to MERS or returns of service on MERS); DE 1-15 at p. 1 (listing a "07/31/13" Filing Date of this action)]

14. In fact, plaintiff, to date, has not even sought or obtained a summons for MERS, *despite filing this action almost one year ago*, on July 31, 2013. [DE 1-15; *Id.* at p. 1; DE 1 through DE 8]

15. Accordingly, plaintiff has demonstrated that it does *not* intend to serve MERS with process in this action.

16. The Court, thus, should dismiss the Complaint as to MERS for untimely and insufficient process.

**(III) Facts Pertinent To Plaintiff's Failure To State A Quiet Title Claim Against US Bank And MERS**

17. Plaintiff seeks to invalidate a mortgage recorded against real property in Broward County, Florida, which property plaintiff alleges it now owns. [DE 1-1 ¶ 1 (describing the "Property"); DE 1 ¶¶ 8-24 (identifying and defining the mortgage, referred to as the "US Bank Mortgage;" DE 1-5 (copy of the US Bank Mortgage); DE 1-14 (the quit claim deed from the original borrower of the US Bank Mortgage to plaintiff, under which plaintiff allegedly acquired title to the Property)[2]

18. US Bank, as trustee, owns and holds the US Bank Mortgage. [DE 1 ¶ 11 at n. 2]

19. The US Bank Mortgage does *not* name MERS as "Mortgagee" or otherwise define MERS as nominee for the originating lender. [DE 1-5 at "DEFINITIONS"]

20. Plaintiff claims that a dismissal of one of two prior foreclosure actions on the US Bank Mortgage somehow invalidated the US Bank Mortgage, making it now invalid and unenforceable. [DE 1-1 ¶¶ 7-9; DE 1 ¶¶ 7-24]

21. Plaintiff does not allege a legal base or ground for this claim, but, given recent, similar quiet title actions in this Court and other Florida federal and state courts[3], plaintiff is

---

[2] Plaintiff did *not* attach any of these documents to its two page, ten paragraph Complaint. [DE 1-1] The Court, nevertheless, may consider these documents on this motion to dismiss because these documents are either referred to and/or are central to plaintiff's quiet title claim. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1276 (11th Cir. 1999); *Grant v. U.S.*, 289 F.Supp. 2d 1361, 1363 at n. 1 (S.D. Fla. 2003).

[3] *Kaan v. Wells Fargo Bank, N.A.*, 981 F.Supp. 2d 1271 (S.D. Fla. 2013) (analyzing Florida's statute of limitations in a quiet title action directed at a residential mortgage lien); *Romero v. Suntrust Mortgage, Inc.*, 2014 WL 1623703 (S.D. Fla. Apr. 22, 2014) (same); *Lopez v. HSBC Bank USA, N.A.*, 2014 WL 3361755 (S.D. Fla. Apr. 29, 2014) (same); *Amador v. Bank Of New York*, 2013 WL 6157932 (S.D. Fla. Nov. 8, 2013) (analyzing Florida's statute of repose in a quiet title action directed at a residential mortgage lien); *Dorta v. Wilmington Trust Nat'l Ass'n*, 2014 WL 1152917 (M.D. Fla. Mar. 24, 2014) (analyzing Florida's statute of limitations in a quiet title

likely relying on Florida's statute of limitations, Fla. Stat. § 95.11(2)(c) and/or statute of repose, Fla. Stat. § 95.281(1). [DE 1-1 ¶¶ 7-9]

22. In other words, it appears that plaintiff believes that the prior foreclosure actions involving the US Bank Mortgage, which *may* have accelerated the total indebtedness secured by the US Bank Mortgage[4], triggered a five year limitations and/or repose period within which to foreclose on the entire indebtedness. [*Id.*]

23. In either event, binding case law from this district expressly precludes plaintiff's quiet title claim. *Kaan*, 981 F.Supp. 2d at 1273-75 (dismissing, *with prejudice*, quiet title claim attacking residential mortgage lien under Florida's statute of limitations where a prior foreclosure action was dismissed); *Romero*, 2014 WL 1623703, at *1-5 (same); *Lopez*, 2014 WL 3361755, at *2-3 (same); *Amador*, 2013 WL 6157932, at *2-4 (dismissing, *with prejudice*, quiet title claim attacking residential mortgage lien under Florida's statute of repose where a prior foreclosure action was dismissed).[5]

---

action directed at a residential mortgage lien); *Poole v. Aurora Loan Services, LLC*, 2014 WL 3378344 (M.D. Fla. June 30, 2014) (analyzing Florida's statute of limitations and statute of repose in a quiet title action directed at a residential mortgage lien); *U.S. Bank National Association v. Bartram*, 2014 WL 1632138, at *1 (Fla. Dist. Ct. App. Apr. 25, 2014) (analyzing Florida's statute of limitations in a quiet title action directed at a residential mortgage lien) (not yet released for publication); *Evergrene Partners, Inc. v. Citibank, N.A.*, 2014 WL 2862392 (Fla. Dist. Ct. App. June 25, 2014) (not yet released for publication) (analyzing Florida's statutes of limitations and repose in a quiet title action directed at a residential mortgage lien).

[4] Plaintiff does *not* actually allege in the Complaint that the US Bank Mortgage's indebtedness has *ever* been accelerated, by either of the two prior foreclosure actions or otherwise. [DE 1-1 (excluding any allegations or acceleration)]

[5] Even if the law did favor plaintiff here, and plaintiff is correct that a foreclosure action triggers a limitations and/or repose period to recover a mortgage loan's indebtedness, which it does not, the filing of the "2013 Foreclosure Action" (defined in [DE 1 ¶¶ 15-23]) *still* does not support a quiet title claim, since US Bank, as trustee, filed that action less than five years ago, on May 29, 2013. [DE 1-8 (listing a "05/29/2013" Filing Date for the 2013 Foreclosure Action)]

24. Plaintiff's Complaint, thus, fails as a matter of law to state a quiet title claim, and the Court should dismiss the Complaint *with prejudice.*

## ARGUMENT

### POINT I

### US BANK'S MOTION TO QUASH SERVICE OF PROCESS AND TO DISMISS FOR UNTIMELY AND INSUFFICIENT SERVICE OF PROCESS[6]

### BECAUSE PLAINTIFF: (1) FAILED TO TIMELY SERVE US BANK WITHIN 120 DAYS OF FILING THIS ACTION; (2) FAILED TO SERVE A US BANK IN OHIO AT US BANK'S MAIN OFFICE; (3) FAILED TO SERVE A SUPERIOR OFFICER OF US BANK IN FLORIDA; AND (4) FAILED TO SERVE ANY AGENT OF US BANK IN FLORIDA, SERVICE OF PROCESS ON US BANK WAS UNTIMELY AND INSUFFICENT AND SHOULD BE QUASHED, AND THE COURT SHOULD DISMISS THE COMPLAINT AS TO US BANK

Where a plaintiff does not act after removal to correct deficient service of process, then "sufficiency of service of process prior to removal is determined by state law." *Burdock And Assoc. v. Magnuson*, 2008 WL 3058584, at *3 (M.D. Fla. Aug. 1, 2008), *citing Usatorres v. Marina Mercante Nicaraguenses, S.A.*, 768 F.2d 1285, 1286 n. 1 (11th Cir. 1985) ("A federal

[6] US Bank filed a notice of appearance and motion for extension of time to respond to the Complaint in the state court action. [DE 1-15 at "Notice Of Appearance And Designation Of Primary And Secondary E-Mail Addresses," dated June 30, 2014; *Id.* at "Defendant's Motion For Extension Of Time," dated June 30, 2014] This conduct, however, did not waive US Bank's right to move for dismissal now pursuant to Fed. R. Civ. P. 12(b)(5). *Am. Torch Tip Co. v. Dykema Gossett PLLC*, 2011 WL 3171811, at *3 (M.D. Fla. July 8, 2011) (notices of appearance do not waive personal jurisdiction); *Kramer v. MRT, LLC*, 2008 WL 877211, at *2 (S.D. Fla. Apr. 1, 2008) (motion for extension of time to respond to complaint is not a Rule 12 motion and, thus, does not waive defenses based on service of process.)

Similarly, US Bank's notice of removal and motion for extension of time in this Court did not waive US Bank's right to now seek dismissal for lack of process or failure to serve process. [DE 1, 7]; *In re Trasylol Prod. Liability Litigation*, 2011 WL 830287, at *6 (S.D. Fla. Mar. 8, 2011) (removal of case to federal court before service can be perfected does not forfeit defenses based on lack of personal jurisdiction), *citing*, *Clark v. Wells*, 203 U.S. 164, 171 (1906); *Kramer*, 2008 WL 877211, at *2. US Bank's removal of this action also does not eliminate the requirement that plaintiff must still properly serve US Bank with process. *Rieves v. Steer-Mill, Inc.*, 2005 WL 5955722, at *3 (M.D. Fla. Sept. 22, 2005) ("[A]ctual notice does not cure defectively executed service.") (internal quotations and citations omitted).

court may consider the sufficiency of process after removal and does so by looking to the state law governing process.").

Here, plaintiff has not taken any action since removal with respect to service of process on US Bank. *See*, *generally*, [DE 1 through DE 8] (showing no filings by plaintiff after removal that concern service of process in this action). Accordingly, service of process on US Bank is determined by Florida law – namely, Fla. Stat. § 655.0201, because US Bank is a national banking association. *Burdock And Assoc.*, 2008 WL 3058584, at *3; [DE 1-10 at Ex. A (copy of US Bank's articles of association)]; Fla. Stat. § 655.0201.

"Process against any financial institution authorized by federal or state law to transact business in [Florida] may be served in accordance with chapter 48, chapter 49, chapter 607, or chapter 608 [of the Florida Statutes], as appropriate." Fla. Stat. 655.0201(1).

Finally, a plaintiff must serve process within 120 days of filing an action. Fla. R. Civ. P. 1.070(j); Fed. R. Civ. P. 4(m).

As discussed below, plaintiff failed to serve US Bank within 120 days of filing this action, and entirely failed to serve US Bank in accordance with Florida Statutes chapters 48, 49, 607, or 608.

**(A) Plaintiff Failed To Timely Serve Process On US Bank Within 120 Days Of Filing This Action**

Plaintiff did not serve US Bank with process prior to US Bank's July 2, 2014 removal of this action to this Court, and did not serve US Bank prior to the November 28, 2013 service deadline. [DE 1-15 at "Summons: Personal Service On An Individual," which plaintiff did not file until May 6, 2014, more than *ten months* after filing this action on July 31, 2013; *Id.* at p. 1 (state court action docket showing: (a) that the state court did not issue the summons to US Bank until May 6, 2014; and, (b) showing no filed returns of service on US Bank); *Id.* at p. 1 (listing a

"07/31/13" Filing Date of this action); DE 1 through DE 8 (showing no filed returns of service on US Bank)]

In fact, plaintiff did not even: (a) seek a summons for US Bank until May 6, 2014, more than *ten months* after filing this action (*see generally* [DE 1-15]); and, (b) attempt to serve US Bank until June 2, 2014, more than *eleven months* after filing this action. (Ex. B ¶¶ 6-7)

Because plaintiff filed this action on July 31, 2013 [DE 1-15 at p. 1], November 28, 2013 was plaintiff's deadline to serve US Bank with process. Fla. R. Civ. P. 1.070(j); Fed. R. Civ. P. 4(m). Plaintiff, however, failed to do so. [*Id.* Ex. 15; *Id.* Ex. 15 at p. 1; DE 1 through DE 8] And, given plaintiff's severe delay of almost a year in seeking a summons for US Bank and attempting to serve US Bank, plaintiff cannot now show "good cause" for failing to meet its 120 day service deadline on US Bank. Fla. R. Civ. P. 1.070(j); Fed. R. Civ. P. 4(m).

The Court, therefore, should quash plaintiff's purported June 2, 2014 service on US Bank, and dismiss this action as to US Bank.

**(B) Plaintiff Failed To Serve Process On US Bank In Accordance With Fla. Stat. § 48.081 Because Plaintiff Served A US Bank "Account Associate" Who Is Not Authorized To Accept Service For US Bank**

Fla. Stat. § 48.081 states:

48.081 Service on corporation. -

(1) Process against any private corporation, domestic or foreign, may be served:
(a) On the president or vice president, or other head of the corporation;
(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

> (3) (a) As an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091. However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. A person attempting to serve process pursuant to this paragraph may serve the process on any employee of the registered agent during the first attempt at service even if the registered agent is temporarily absent from his or her office.
>
> (4) This section does not apply to service of process on insurance companies.
>
> (5) When a corporation engages in substantial and not isolated activities within this state, or has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent while on corporate business within this state may personally be made, pursuant to this section, and it is not necessary in such case that the action, suit, or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state.

Fla. Stat. § 48.081.

Fla. Stat. § 48.081 "must be strictly construed and complied with." *Lisa, S.A. v. Gutierrez*, 806 So. 2d 557, 559 (Fla. Dist. Ct. App. 2002) (internal quotations and citations omitted) (emphasis added).

Plaintiff here failed to serve process on US Bank pursuant to Fla. Stat. § 48.081(1), (2), (3), or (5) because plaintiff did not serve a president, vice president, other corporate head, cashier, treasurer, secretary, general manager, director, or officer of US Bank (collectively, "Superior Officers"), instead serving an "Account Associate" of US Bank who is not authorized to accept service for US Bank. (Ex. B); Fla. Stat. § 48.081(1)(a)-(d).

Plaintiff also failed to serve a business or registered agent of US Bank. Fla. Stat. § 48.081(1)(d); (Ex. A (demonstrating that US Bank is not required to maintain a registered agent in Florida); Ex. B (demonstrating that Rosario Hernandez is not an agent of US Bank)).

For all of these reasons, plaintiff failed to serve process on US Bank pursuant to chapter 48, Florida Statutes.[7]

**(C) Plaintiff Did Not Attempt Service On US Bank Pursuant To Chapter 49 Of The Florida Statutes; Chapter 49, Therefore, Is Not Applicable To The Analysis Of Whether Plaintiff Served US Bank Here**

Fla. Stat. § 655.0201 also permits constructive service of process on US Bank pursuant to chapter 49 of the Florida Statutes. Fla. Stat. § 655.0201(1). Plaintiff, however, did not attempt constructive service of process on US Bank, instead attempting "personal service" on an unauthorized US Bank employee. [DE 1-15 at "Summons: Personal Service On An Individual" (emphasis added)]; (Ex. B)

For these reasons, chapter 49 of the Florida Statutes is not applicable to US Bank's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5).

**(D) For The Reasons Stated In Points I(B) and (C) Above, Plaintiff Also Failed To Serve US Bank Pursuant To Chapters 607 and 608 Of The Florida Statutes**

Fla. Stat. §§ 607.0504 and 608.463(1)(a) state that process may be served on a Florida corporation and limited liability company, respectively, in accordance with chapters 48 or 49, Florida Statutes. Fla. Stat. §§ 607.0504(1), 608.463(1)(a). As discussed at length in Points I(B) and (C) above, plaintiff failed to serve process on US Bank in accordance with chapters 48 or 49, Florida Statutes. Points I(B)-(C), *supra*.

Fla. Stat. § 608.463(1)(b) also states that process may be served on a Florida limited liability company by serving a registered agent located in Florida. Fla. Stat. §§ 608.463(1)(b);

[7] US Bank denies that the remaining sections of chapter 48, Florida Statutes, are applicable to national banks, such as US Bank. Given, however, that plaintiff only attempted service on an "Account Associate" not authorized to accept service of process, plaintiff, nevertheless, also failed to serve US Bank pursuant to the remaining sections of chapter 48, Florida Statutes. Fla. Stat. §§ 48.061, 48.062, 48.181.

608.415(1). As discussed in Point I(B) above, plaintiff failed to serve process on US Bank by serving a registered agent of US Bank located in Florida. (Point I(B), *supra*.).

With respect to foreign corporations and limited liability companies, Fla. Stat. §§ 607.15101 and 608.5101 state that process may be served by either: (1) serving a registered agent for the entity located in Florida; or, (2) in very limited circumstances, by registered or certified mail, return receipt requested. Fla. Stat. §§ 607.15101(1)-(2), 607.1507(1); 608.5101(1)-(2); 608.507.

For the reasons discussed in Point I(B) above, plaintiff also failed to serve process on US Bank in accordance with Fla. Stat. §§ 607.15101, 608.5101(1)-(2). Point I(B), *supra*. In particular, plaintiff did not attempt service on a registered Florida agent of US Bank located in Florida, or service by registered or certified mail, return receipt requested.

For all of these reasons, the Court should quash the alleged service of process on US Bank and dismiss the Complaint as to US Bank for untimely and insufficient service of process.

**POINT II**

**MERS'S MOTION TO DISMISS FOR INSUFFICIENT PROCESS AND FAILURE TO SERVE PROCESS[8]**

**THE COURT SHOULD DISMISS THE COMPLAINT AS TO MERS BECAUSE PLAINTIFF HAS FAILED TO, AND IN FACT NOT EVEN ATTEMPTED TO OR SOUGHT A SUMMONS TO, SERVE MERS WITH PROCESS**

Plaintiff did not serve MERS with process prior to US Bank's July 2, 2014 removal of this action to this Court, and did not serve MERS prior to November 28, 2013. [DE 1-15 (complete state court record filed in this Court, which does not include any summonses issued to

[8] MERS's motion for extension of time to respond to the Complaint in this Court did not waive MERS's right to now seek dismissal for lack of process or failure to serve process. [DE 7]; *Kramer*, 2008 WL 877211, at *2.

MERS or returns of service on MERS); *Id.* at p. 1 (state court action docket showing that the state court did *not* issue any summonses to MERS and that plaintiff did not file any returns of service on MERS); DE 1 through DE 8 (which do not include any summonses to MERS or returns of service on MERS)]

Because plaintiff filed this action on July 31, 2013 [DE 1, Ex. 15 at p. 1 (listing a "07/31/13" Filing Date of this action)], November 28, 2013 was plaintiff's deadline to serve MERS with process. Fla. R. Civ. P. 1.070(j); Fed. R. Civ. P. 4(m). Plaintiff, however, failed to do so. [DE 1-15; *Id.* at p. 1; DE 1 through DE 8]

Moreover, given that: (1) plaintiff filed this action almost one year ago, on July 31, 2013 [DE 1-15 at p. 1]; and, (2) plaintiff, since that time, has *never* sought or obtained a summons for MERS [DE 1-15 at p. 1; DE 1 through DE 8], plaintiff has demonstrated that it does *not* actually intend to ever serve MERS with process in this action. Similarly, plaintiff cannot show "good cause" for failing to meet its 120 day service deadline on MERS. Fla. R. Civ. P. 1.070(j); Fed. R. Civ. P. 4(m).

The Court should now dismiss the Complaint as to MERS for untimely and insufficient process and failure to serve process.

## POINT III

## US BANK'S AND MERS'S MOTION TO DISMISS, *WITH PREJUDICE*, FOR FAILURE TO STATE A QUIET TITLE CLAIM

### (A) Statements Of Law

#### (i) Law Applicable To Motions To Dismiss

A complaint must allege "enough facts to state a claim to relief that is plausible on its face" and that rises "above the speculative level." *Speaker v. U.S. Dep't of Health & Human*

*Servs.*, 623 F.3d 1371, 1380 (11th Cir. 2010), *citing*, *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Speaker*, 623 F.3d at 1380, *quoting*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires that a plaintiff allege sufficient facts to nudge his "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, *citing*, *Twombly*, 550 U.S. at 555.

"[D]ismissal is warranted if, assuming the truth of the factual allegations of the plaintiff's complaint, there is a dispositive legal issue which precludes relief." *Poole*, 2014 WL 3378344, at *1, *citing*, *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

Finally, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal, and the defendant's attaching such documents to the motion to dismiss will not require conversion of the motion into a motion for summary judgment." *Brooks*, 116 F.3d at 1369. Similarly, "[i]t is the law in this circuit that 'when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.'" *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009) (per curiam) (citations omitted)

**(ii) Law Applicable To Florida Quiet Title Claims**

To state a claim to quiet title in Florida, the Plaintiff must not only allege plausible facts showing his title to the land at issue, but also plausible facts showing that a cloud exists. *Stark v. Frayer*, 67 So. 2d 237, 239 (Fla. 1953). "Not only must the matter which constitutes the alleged cloud be shown, but facts must be alleged which give the claim apparent validity as well as those which show its invalidity." *Id.* (citations omitted) (emphasis added). *See also McDaniel v. McElvy*, 108 So. 820, 930 (Fla. 1926) ("Thus, if the suit is brought to remove a particular cloud, the facts which show the existence – actual, apparent, or potential – of that cloud are essential parts of the complainant's cause of action, and must be alleged.") (citation omitted).

**(B) Plaintiff Has Failed As A Matter Of Law To Plead A Quiet Title Claim**

**(i) To The Extent Plaintiff's Quiet Title Claim Relies On Florida's Statute Of Limitations, Binding Precedent From This Court Expressly Precludes Plaintiff's Claim As A Matter Of Law**

To the extent plaintiff's Complaint relies on Florida's statute of limitations and the filing and dismissal of the "2007 Foreclosure Action" (defined in [DE 1 ¶¶ 8-14]), binding precedent from this Court expressly precludes plaintiff's quiet title claim. [*Id.* ¶¶ 8-14 (detailing the filing and dismissal, *without prejudice*, of the 2007 Foreclosure Action)]; *Brooks*, 116 F.3d at 1369 (if plaintiff here is relying on the filing and dismissal of the 2007 Foreclosure Action, then the Court, under *Brooks*, may consider on this motion to dismiss documents from the 2007 Foreclosure Action); *Bryant*, 187 F.3d at 1276 (court may take judicial notice pursuant to Fed. R. Evid. 201 in ruling on a motion to dismiss); *Grant*, 289 F.Supp. 2d 1363 at n. 1 (court may take judicial notice of records of prior actions in ruling on motion to dismiss).

"Under Florida law, [a lender's] exercising its right to accelerate all payments and its bringing a foreclosure action [does] not begin the limitations period as to the entire mortgage and

note because that foreclosure action was unsuccessful." *Lopez*, 2014 WL 3361755, at *3 (dismissing, *with prejudice*, Florida quiet title claim seeking to invalidate residential mortgage loan simply because lender, more than five years prior to quiet title claim, filed a foreclosure action accelerating indebtedness that was later dismissed without prejudice), *citing Kaan*, 981 F.Supp. 2d at 1271 (also dismissing, *with prejudice*, quiet title claim based on statute of limitations and filing and dismissal of prior foreclosure action); *see also Romero*, 2014 WL 1623703, at *4 (holding same; dismissal *with prejudice*); *Dorta*, 2014 WL 1152917, at *7 (holding same; dismissal *with prejudice*); *Poole*, 2014 WL 3378344, at *6 (holding same); *Bartram*, 2014 WL 1632138, at *6 (holding same).

Thus, the filing and dismissal of the 2007 Foreclosure Action did not, as a matter of law, invalid the US Bank Mortgage, and does not, as a matter of law, support a quiet title claim.

To the extent plaintiff's Complaint relies on Florida's statute of limitations and the filing and dismissal of the 2013 Foreclosure Action ([*Id.* ¶¶ 15-24 (detailing the filing and dismissal, *without prejudice*, of the 2013 Foreclosure Action), the precedent cited above[9] equally applies and equally precludes plaintiff's claim. Moreover, US Bank, as trustee[10], filed the 2013 Foreclosure Action less than five years ago, on July 31, 2013. [DE 1-8 (reflecting a "05/29/2013" Filing Date of the 2013 Foreclosure Action)]; *Brooks*, 116 F.3d at 1369; *Bryant*, 187 F.3d at 1276; *Grant*, 289 F.Supp. 2d 1363 at n. 1. Thus, assuming the 2013 Foreclosure Action accelerated the entire indebtedness secured by the US Bank Mortgage, which plaintiff

[9] *Brooks*, 116 F.3d at 1369; *Bryant*, 187 F.3d at 1276; *Grant*, 289 F.Supp. 2d 1363 at n. 1; *Lopez*, 2014 WL 3361755, at *3; *Kaan*, 981 F.Supp. 2d at 1271; *Romero*, 2014 WL 1623703, at *4; *Dorta*, 2014 WL 1152917, at *7; *Poole*, 2014 WL 3378344, at *6; *Bartram*, 2014 WL 1632138, at *6.

[10] Plaintiff did *not* sue US Bank here in its trustee capacity, but rather sued US Bank in its national banking capacity only. [DE 1 ¶ 11 at n. 1]

does not even allege here, the five year limitations period in Fla. Stat. § 95.11(2)(c) *still* would not run, at the earliest, until July 31, 2018, even if plaintiff had a viable quiet title claim. Fla. Stat. § 95.11(2)(c).

And, as discussed above, regardless of whether plaintiff is relying on the 2007 or 2013 Foreclosure Action as a base for its quiet title claim, plaintiff *still* has *not* alleged that either action accelerated the total indebtedness secured by the US Bank Mortgage. [DE 1-1 (containing no allegations of acceleration)] But even if it did, *Lopez*, *Kaan*, *Romero*, *Poole*, *Dorta*, and the Florida state court cases cited therein expressly preclude plaintiff's claim, holding that the US Bank Mortgage does not, and cannot, as a matter of law, constitute a "cloud" supporting a quiet title claim simply because a prior foreclosure action on the Mortgage was dismissed.

For these reasons, the Court should dismiss plaintiff's Complaint *with prejudice*.

**(ii) To The Extent Plaintiff's Quiet Title Claim Relies On Florida's Statute Of Repose, Binding Precedent From This Court Also Expressly Precludes Plaintiff's Claim As A Matter Of Law**

To the extent plaintiff's Complaint relies on Florida's statute of repose and the filing and dismissal of *either* the 2007 or 2013 Foreclosure Actions, binding precedent from this Court expressly precludes plaintiff's quiet title claim. [DE 1 ¶¶ 8-24]; *Brooks*, 116 F.3d at 1369; *Bryant*, 187 F.3d at 1276; *Grant*, 289 F.Supp. 2d 1363 at n. 1.

In dismissing *with prejudice* a quiet title complaint based on Fla. Stat. § 95.281 that was apparently *identical* to plaintiff's Complaint here, this Court, in *Amador v. Bank Of New York*, 2013 WL 6157932 (S.D. Fla. Nov. 8, 2013), held:

> Assuming, *arguendo*, acceleration was sufficiently pled, Plaintiff's reliance on F.S.S. § 95.281(1)(a) as the basis of invalidity for the quiet title action does not lie. The plain language of the statute mandates that the lien of a mortgage terminates five (5) years after the date of maturity "if the final maturity of an obligation secured by a mortgage is ascertainable from *the record of it.*" F.S.S. § 95.281(1)(a) (emphasis added). Florida courts have interpreted "the record of it"

> as meaning that "the maturity date must be ascertainable from one who reads the county records." *Layton v. Bay Lake Ltd. Partnership*, 818 So. 2d 552, 553 (Fla. 2d DCA 2002); *see also Verde Capital Corp. v. Gutierrez*, 548 So. 2d 698 (Fla. 3d DCA 1989); *Pitts v. Pastore*, 561 So. 2d 297 (Fla. 2d DCA 1990); *Razak v. Marina Club of Tampa Homeowners Assoc., Inc.*, 968 So. 2d 616 (Fla. 2d DCA 2007); *Zlinkoff v. Von Aldenbruck*, 765 So. 2d 840 (Fla. 4th DCA 2000).
>
> In this case, the recorded mortgage has a stated maturity date of February 1, 2037. Therefore, F.S.S. § 95.281(1)(a) is not applicable until February 1, 2042. Alternatively, if the Court accepts Plaintiff's argument concerning acceleration, the maturity date would no longer be ascertainable from the record of the mortgage. As a result, F.S.S. § 95.281(1)(b) would become the applicable provision. F.S.S. § 95.281(1)(b) states in relevant part:
>
>> The lien of a mortgage or other instrument encumbering real property, herein called a mortgage, except those specified in subsection (5), shall terminate after the expiration of the following periods of time: (b) If the final maturity of an obligation secured by a mortgage is not ascertainable from the record of it, 20 years after the date of the mortgage, unless prior to such time the holder of the mortgage: (1) Rerecords the mortgage and includes a copy of the obligation secured by the mortgage so that final maturity date is ascertainable; or (2) Records a copy of the obligation secured by the mortgage from which copy the final maturity date is ascertainable and by affidavit identifies the mortgage by its official recording data and certifies that the obligation is the obligation described in the mortgage; in which case the lien shall terminate 5 years after the date of maturity.
>
> The mortgage in question was executed on January 5, 2007 and recorded on February 12, 2007. Therefore, F.S.S. § 95.281(1)(b) is not applicable until February 12, 2027 or, at the earliest, January 5, 2027. **Hence, the Court finds that Plaintiff's reliance on F.S.S. § 95.281(1)(a) is premature and cannot serve as the basis of invalidity in this quiet title action.**

*Amador*, 2013 WL 6157932 at *3-4 (emphasis added).

Here, the recorded US Bank Mortgage is dated "December 14, 2005," and has a stated maturity date of "01/01/2036." [DE 1-1 ¶ 2; DE 1 ¶¶ 8-24; DE 1-5 at "Definitions," ¶¶ (A), (D))]; *Brooks*, 116 F.3d at 1369; *Bryant*, 187 F.3d at 1276; *Grant*, 289 F.Supp. 2d 1363 at n. 1. Thus, per the *Amador* calculus, the following are the *only* possible maturity and repose dates, respectively, applying to the US Bank Mortgage:

(1) Per § 95.281(1)(a): January 1, 2036 (maturity date) and January 1, 2041 (repose date); or,

(2) Per § 95.281(1)(b): December 14, 2025 (maturity and repose date).

*Amador*, 2013 WL 6157932 at *3-4; Fla. Stat. § 95.281(1)(a), (1)(b).

In either event, applying *Amador* here, plaintiff's quiet title claim, filed on July 31, 2013, is <u>at least twelve years premature</u> (December 25, 2025 minus July 31, 2013 = twelve years and six months). *Amador*, 2013 WL 6157932 at *4.

Accordingly, just like in *Amador*, this Court should dismiss plaintiff's Complaint, *with prejudice*.[11] *Amador*, 2013 WL 6157932 at *4 (dismissing quiet title complaint identical to plaintiff's Complaint **"WITH PREJUDICE"**) (emphasis in original)

**(iii) The Court Should Also Dismiss The Complaint, *With* Prejudice, Because The Statute Of Limitations, As A Matter Of Law, Does Not Impair The Right To Enforce The US Bank Mortgage If Borrower Breaches Or Defaults Under The US Bank Mortgage In Ways Unrelated To Payment Defaults**

Even if a future attempt to foreclose the US Bank Mortgage was somehow barred by the five-year statute of limitations, which it is not, the Trust's Mortgage lien would still be enforceable if the borrower breaches or defaults under the US Bank Mortgage in other ways.

For example, borrower, from whom plaintiff here allegedly received title [DE 1-1 ¶ 1; DE 1-5 at "DEFINITIONS" ¶ (B); DE 1-14], is precluded from selling or transferring any interest in her property "without Lender's prior written consent…." [DE 1-5 ¶ 18, titled "Transfer of the Property or a Beneficial Interest in Borrower."]; *Brooks*, 116 F.3d at 1369; *Bryant*, 187 F.3d at 1276; *Grant*, 289 F.Supp. 2d 1363 at n. 1. The Lender's right to consent to a sale, and right to foreclose if it does not consent, confers *separate* rights that cannot be

---

[11] Also, as discussed above, even if plaintiff's Complaint relies on Florida's statute of repose, plaintiff *still* has not alleged an acceleration of the total indebtedness secured by the US Bank Mortgage. [DE 1-1 (excluding any acceleration allegations)]



LAPIN & LEICHTLING, LLP, 255 ALHAMBRA CIRCLE, SUITE 1250, CORAL GABLES, FLORIDA 33134 (305) 569-4100

"cancelled" or lost because of the passage of time after a payment default. *Kaan*, 981 F.Supp. 2d at 1274; *Houck Corp. v. New River, Ltd., Pasco*, 900 So. 2d 601, 605 (Fla. Dist. Ct. App. 2005) (mortgage lien enforceable through sale of property even if action to foreclose had expired based on statute of limitations).

For this reason too, the US Bank Mortgage remains valid and enforceable, and does not, and cannot, constitute a "cloud" supporting a quiet title claim. The Court should dismiss the Complaint *with prejudice*.

**(iv) Finally, The Complaint Fails To Allege Any Interest By MERS In The US Bank Mortgage Or In The Property; The Court Should Dismiss The Complaint As To MERS For This Reason As Well**

To state a quiet title claim against MERS, plaintiff must allege that MERS has an interest in either the US Bank Mortgage or in the Property. *Stark*, 67 So. 2d at 239; *McDaniel*, 108 So. at 930.

Plaintiff, however, does not allege anywhere in the Complaint that MERS has any interest whatsoever in the US Bank Mortgage or in the Property. [DE 1-1 (with respect to MERS, alleging *only* that "Defendant MERS is an active corporation that conducts business in Miami-Dade County, Florida)]

Similarly, the US Bank Mortgage does *not* name MERS as "Mortgagee" or otherwise define MERS as nominee for the originating lender. [DE 1-1 ¶ 2; DE 1-5 at "DEFINITIONS"]; *Brooks*, 116 F.3d at 1369; *Bryant*, 187 F.3d at 1276; *Grant*, 289 F.Supp. 2d 1363 at n. 1.

The Court should dismiss plaintiff's Complaint as to MERS for this reason as well.

## POINT IV

## <u>LOCAL RULE 7.1(a)(3) CERTIFICATION</u>

Undersigned counsel for US Bank and MERS certifies that he made reasonable efforts to

confer with counsel for plaintiff, Hector H. Gonzalez, Esq., by e-mail and telephone on July 15, 2014 in a good faith effort to resolve the issues raised in this motion, but has been unable to do so. (Ex. D)

**WHEREFORE**, defendants U.S. Bank National Association and Mortgage Electronic Registration Systems, Inc. respectfully requests that this Honorable Court:

A. Grant this Motion to: (1) quash plaintiff's alleged service of process on US Bank; (2) dismiss plaintiff's Complaint as to US Bank for untimely and insufficient service of process; (3) dismiss the Complaint as to MERS for insufficient process and for untimely and failure to serve process; and, (4) to dismiss, *with prejudice*, the Complaint as to US Bank and MERS for failure to state a claim; and,

B. Grant US Bank and MERS such other and further relief as to this Court seems just and proper.

Respectfully submitted,

LAPIN & LEICHTLING, LLP
*Attorneys For Defendants U.S. Bank National Association and Mortgage Electronic Registration Systems, Inc.*
255 Alhambra Circle
Suite 1250
Coral Gables, Florida 33134
Telephone No.: (305) 569-4100

s/ Justin G. Prociv
JUSTIN G. PROCIV (Florida Bar No.: 669393)
jprociv@LL-Lawfirm.com
255 Alhambra Circle, Suite 1250
Coral Gables, FL 33134
Telephone No.: (305) 569-4100

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

STAR PROPERTY INVESTMENTS,

Plaintiff,

vs.

CASE NO.: 0:14-cv-61519-BB

U.S. BANK NATIONAL ASSOCIATION; and, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants.

_________________________________________/

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2014, I electronically filed the within and foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties or their counsel identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

s/ Justin G. Prociv
JUSTIN G. PROCIV (Florida Bar No.: 669393)
jprociv@LL-Lawfirm.com
255 Alhambra Circle, Suite 1250
Coral Gables, FL 33134
Telephone No.: (305) 569-4100
*Attorneys For Defendants U.S. Bank National Association and Mortgage Electronic Registration Systems, Inc.*

**SERVICE LIST**

Carlos A. Santos II, Esq.
LAW OFFICES OF CARLOS A. SANTOS II, P.A.
*Attorneys For Plaintiff*
61 Grand Canal Dr. #202
Miami, Florida 33144
Primary E-Mail Address: csantoslaw@hotmail.com
Telephone No.: (305) 265-5678
*Served via Notices of Electronic Filing generated by CM/ECF*

Hector H. Gonzalez, Esq.
*Attorneys For Plaintiff*
2000 Ponce de Leon Blvd.
Suite 611
Coral Gables, Florida 33134
Primary E-Mail Address: hhgonzalez@hotmail.com
Telephone No.: (305) 962-9656
*Served Via Regular Mail*